Name: Karl Grant Losee
Address: P.O. Box 250 Draper Utah 84020
Telephone: ―

FILED
U.S. DISTRICT COURT

2007 NOV 21  P 4: 31

DISTRICT OF UTAH

RECEIVED CLERK

NOV 15 2007

U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
Central Division

BY DEPUTY CLERK

---

Karl Grant Losee
(Full Name)
PLAINTIFF

vs.

Richard Garden, Sidney Roberts, Kennon Tubbs, Tom Patterson, Jon H. Huntsman Jr., Jack Ford, 1-50 John and Jane Does

DEFENDANTS

CIVIL RIGHTS COMPLAINT
(42 U.S.C §1983, §1985)

Case: 2:07cv00911
Assigned To : Benson, Dee
Assign. Date : 11/21/2007
Description: Losee v. Garden et al

---

## A. JURISDICTION

1. Jurisdiction is proper in this court according to:

   a. ✓ 42 U.S.C. §1983
   b. __ 42 U.S.C. §1985
   c. __ Other (Please Specify) _____

2. NAME OF PLAINTIFF   Karl Grant Losee
   IS A CITIZEN OF THE STATE OF   Utah

   PRESENT MAILING ADDRESS: P.O. Box 250 Draper Utah 84020

3. NAME OF FIRST DEFENDANT   Richard Garden

IS A CITIZEN OF __Draper Utah__
(City and State)

IS EMPLOYED AS __Director Medical Services__ at __Utah State Prison__
(Position and Title if Any)   (Organization)

Was the defendant acting under the authority or color of state law at the time these claims occurred?

YES _X_ NO ___. If your answer is "YES" briefly explain.

__Defendant Garden is personally and professionally responsible for the supervision of medical staff and facilities and medical care of inmates.__

4. NAME OF SECOND DEFENDANT __Sidney Roberts__
(If applicable)

IS A CITIZEN OF __Draper Utah__
(City and State)

IS EMPLOYED AS __Medical Doctor__ at __Utah State Prison__
(Position and Title if Any)   (Organization)

Was the defendant acting under the authority or color of state law at the time these claims occurred?

YES _X_ NO ___. If your answer is "YES" briefly explain.

__Defendant Dr. Roberts is responsible for providing medical diagnosis, care and treatment for inmates serious medical conditions and needs.__

5. NAME OF THIRD DEFENDANT __Kennon Tubbs__
(If applicable)

IS A CITIZEN OF __Draper Utah__
(City and State)

IS EMPLOYED AS __Medical Doctor__ at __Utah State Prison__
(Position and Title if Any)   (Organization)

Was the defendant acting under the authority or color of state law at the time these claims occurred?

YES **X** NO ___. If your answer is "YES" briefly explain.

Defendant Doctor Tubbs is responsible for providing medical diagnosis, care and treatment for inmates serious medical conditions and needs

6. NAME OF FOURTH DEFENDANT **Tom Patterson**
   (If applicable)

   IS A CITIZEN OF **Draper Utah**
   (city and State)

   IS EMPLOYED AS **Executive Director of services** at **Utah State Prison**
   (Position and Title if Any)         (Organization)
   Was the defendant acting under the authority or color of state law at the time these claims occurred?

   YES **X** NO ___. If your answer is "YES" briefly explain.

   Defendant Patterson is responsible for all prison operations including the safety and well being of inmates.

(Use additional sheets of paper if necessary.)

## B. NATURE OF CASE

1. Why are you bringing this case to court? Please explain the circumstances that led to the problem.

   Plantiff has life threatening medical conditions to which the Utah Department of Corrections is Deliberatly indifferent. Plantiff seeks effective medical attention and care to alleviate the constant risk of serious permanant injury &/or death.

7. Name of Fifth Defendant   Nancy Howard
   is a citizen of Draper Utah
   is employed as Critical Care Nurse at Utah State Prison
   Defendant Howard was acting under the authority or color of state law and is responsible for the care and well being of inmates with serious medical conditions.

8. Name of Sixth Defendant   Jon H. Huntsman Jr.
   is a citizen of Salt Lake City Utah
   is employed as Governer at Utah State Capitol
   Defendant Huntsman was acting under authority or color of law and is responsible for the administration and operation of the Utah department of corrections and the health and safety of all inmates detained by the department of corrections. Governer Huntsman is directly involved through letters and emails from plantiff and plantiffs family to him. (See exhibit 2)

9. Name of Seventh Defendant   Jack Ford
   is a citizen of Draper Utah
   is employed as Director of Public Affairs at the Utah State Prison.
   Defendant Ford was acting under authority or color of law and is responsible for addressing and resolving disputes involving Utah State Prison Staff and the public. Defendant Ford is directly involved through disputes with plantiff's family. (See exhibit 3)

10. Name of Eigth defendant    Gerald Dearing
Is a citizen of Draper Utah
Is employed as physicians Assistant at Utah State Prison
    Defendant Dearing was acting under authority or color of law and is responsible for diagnosis, treatment, and care of inmates at the Utah State Prison.

11. Name of Ninth Defendant    Steven Turley
Is a citizen of Draper Utah
Is employed as Warden at Utah State Prison
    Defendant Turley was acting under authority or color of law and is responsible for all operations at the Utah State Prison including the care and safety of the inmates.

12. Name of Tenth Defendant    Art Adcock
Is a citizen of Draper Utah
Is employed as Registered Nurse at Utah State Prison
    Defendant Adcock was acting under Authority or color of law and is responsible for facilitating and resolving grievances submitted by inmates

13. Name of Eleventh Defendant    Billie Casper
Is a citizen of Draper Utah
Is employed as Grievance Coordinator at the Utah State Prison
   Defendant Casper was acting under authority or color of law and is responsible for facilitating the resolution of grievances filed by inmates.

14. Name of Twelfth Defendant    Tom Anderson
Is a citizen of Draper Utah
Is employed as Grievance Coordinator at the Utah State Prison
   Defendant Anderson was acting under authority or color of law and is responsible for facilitating the resolution of grievances filed by inmates.

15. Name of thirteenth defendant    Officer Jensen
Is a citizen of Draper Utah
Is employed as security officer at Utah State Prison infirmary
   Defendant Jensen is employed as an officer at the U.S.P. infirmary and was acting under authority or color of law. Defendant Jensen is responsible for facilitating the provision of medical care to inmates.

16 | Name of fourteenth defendant    Officer Shebelske
Is a citizen of Draper Utah
Is employed as security officer at the Utah State Prison infirmary.
   Defendant Shebelske was acting under authority or color of law and is responsible for facilitating the provision of medical care to inmates.

17 | Name of fifteenth defendant    Carmen
Is a citizen of Draper Utah
Is employed as medical technician at the Utah State Prison
   Defendant Carmen was acting under authority or color of law and is responsible for dispensing of medications to inmates.

18 | Name of Sixteenth Defendant    John, Jane Does 1-50
Are citizens of Draper Utah
   Additional defendants will be named as the information becomes available to the Plantiff and the Court.

## C. CAUSE OF ACTION

1. I allege that my constitutional rights, privileges or immunities have been violated and that the following facts form the basis for my allegations: (If necessary you may attach additional pages)

    a. (1) Count I: 8th Amendment - Deliberate Indifference to serious medical needs

    (2) Supporting Facts: (Describe exactly what each defendant did or did not do. State the facts clearly in your own words without citing legal authority or arguments.) See attatched pages

    b. (1) Count II: _____

    (2) Supporting Facts: _____

    c. (1) Count III: _____

## C. Cause of Action

1.

A (1) Count I: 8th Amendment Deliberate Indifference to serious medical needs.

(2) supporting facts: Plantiff's medical condition was known to Utah State Prison medical staff upon his arrival to the prison (medical records arrived with plantiff from Salt Lake County Jail) Utah State Prison medical staff discontinued medication and effective treatment of Plantiff's medical condition endangering his life. Repeated pleas for remedy were denied even after Prison medical staff sent plantiff to University of Utah Medical Center who sent back reccomendations and a report of consultation from a physician specializing in Plantiff's medical condition.

B (1) Count II: 1st Amendment violation through impairment of access to the courts

(2) supporting facts: At each level of the grievance process defendants Adcock, Casper, and Anderson have misrepresented issues and facts and have made assertions that are fraudulent or patently false. Such conduct is aimed at impeding, interfering with and impairing access to the courts.

C (1) Count III: Violations of 8th Amendment through threats, retaliation and punishment

(2) Supporting facts: Prison security staff (defendants officer Shebelske and Captain Darbro), executive director Tom Patterson, Doctor Garden, Doctor Roberts, Doctor Tubbs and Nancy Howard have each either threatened, retaliated against or punished Plantiff for Plantiff attempting to get the effective medical treatment he needs for his serious medical conditions.

On September 9, 2007 Plantiff went to the infirmary where plantiff asked medical technician Carmen to prepare a syringe of insulin. Plantiff requested five units of insulin and Defendant Carmen handed Plantiff a syringe she had prepared that had twenty units in it, eight of which were air. Plantiff noticed the discrepancy and adjusted the syringe to hold five units of insulin and no air before injecting himself

(See count IV)

On September 12, 2007 as Plantiff was leaving the infirmary officer Shebelske stated to Plantiff "Medical will try to be sneaky about how they do it, but I'll come right out and say it. We are going to kill you."

Plantiff went to the Offender Managment Review on September 13, 2007 where Plantiff wanted to discuss his medical care and treatment.

Defendant Captain Darbro stated to Plantiff "You have no rights in this prison and we will house you anywhere we want to wether it be Gunnison, A county jail or maximum security and there is nothing you can do about anything. We can do whatever we want to you or with you."

Also on September 13, 2007 Plantiff met with Defendant Nancy Howard who stated that Plantiff would be moved to a special needs unit which currently houses Plantiff with mentally ill inmates when Plantiff is not mentally ill. This change of housing has aggravated his medical condition.
(See attatched letter of Dr James Chamberlain) ex 1

Defendants Garden, Roberts, and Tubbs concurred in the decision to move Plantiff to the special needs unit. Also, Defendants Garden, Roberts, and Tubbs have taken away Plantiff's glucometer which is neccesarry for proper managment of Plantiffs medical condition.

On Approximately July 25, 2007 Plantiff met with Defendant Roberts

to ask about getting the effective medical treatment which had been reccomended by the Prison's consultant endocrinologist, Dr James Chamberlain, on June 1st 2007.

Defendant Roberts denied plantiff such treatment and threatened to move Plantiff into the infirmery or into maximum security.

Plantiff's mother attempted to contact Defendants Patterson and Ford to assist Plantiff in getting proper and effective medical treatment.

(See attatched letters of discussions between Plantiff's mother and Defendants Patterson and Ford) exhibits 3 and 4

Defendants Garden, Roberts, Tubbs, Howard, Ford, and Patterson have moved Plantiff to special needs unit and taken away Plantiff's glucometer which has aggrovated his serious medical condition.

Plantiffs meals are not equally spaced throughout the day and Plantiff takes Humalog insulin with each meal which is the fastest acting insulin available and neccesarry to maintain control over Plantiff's diabetic condition.

If meals are not equally spaced and a diabetic is taking humalog, it puts the diabetic at greater risk of hypo or hyper-glycemia, either of which can cause coma and/or death.

D (1) Count IV: Aggravated Premeditated attempted murder

(2) Supporting facts: On September 9, 2007 Plantiff went to the infirmary to get his insulin injection. Plantiff asked defendant medical technician Carmen to prepare a syringe with five units of insulin. Defendant Carmen prepared a syringe which she handed to the Plantiff. Plantiff noted that there appeared to be twenty units of insulin in the syringe, four times the amount that had been asked for. Plantiff told the Defendant that he would adjust it to hold only the five requested units. Plantiff held the syringe in front of himself and began to depress the plunger of the syringe to expel the extra insulin. Plantiff noted that no insulin came from the syringe until the plunger was at twelve. There had been eight units of air in the syringe on top of the twelve units of insulin. This was still seven more units than Plantiff had asked for.
Plantiff corrected the discrepancy to where the syringe held five units of insulin and no air before injecting himself.
If Plantiff would have injected himself

with the syringe as it had been given to him it would have caused at least one if not all of the following things: Severe hypoglycemia, siezure, coma, heart attack, stroke and/or death.

E (1) Count V: 8th Amendment violation through Deliberate Indifference

(2) Supporting facts: Plantiff was incarcerated at the Salt Lake County Jail from May 10, 2006 until April 4, 2007. On April 4, 2007 Plantiff was transferred and sentenced to the Utah State Prison. During Plantiff's detainment at the County Jail Plantiff developed an elevated potassium level. This was known to Utah State Prison medical staff upon Plantiff's arrival to the prison because Plantiff's medical records came with him from the jail. Defendants Garden, Roberts and Tubbs did not address Plantiff's potassium level with proper medication or proper diet resulting in Plantiff developing an arrythmia in his heartbeat due to the elevated potassium level. This was first diagnosed on July 17, 2007 and later confirmed by University of Utah medical center on October 2, 2007.

F (1) Count VI: 8th amendment violation through Deliberate Indifference

(2) Supporting Facts: Plantiff arrived at prison on April 4, 2007 and had an intake screening physical where plantiff told medical staff the medications and doses he was taking. This was confirmed by Plantiffs medical records which arrived with him from the county jail. Prison medical staff (Defendants Garden, Roberts, and Tubbs) did not get neccesarry medications to Plantiff for sixteen days. These included blood pressure, cholesterol, kidney and thyroid medications.

(2) Supporting Facts: _____

_____

_____

_____

_____

_____

_____

### D. INJURY

1. How have you been injured by the actions of the defendant(s)?

    _____See Attatched_____

    _____

    _____

    _____

    _____

    _____

    _____

### E. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

1. Have you filed other lawsuits in state or federal court that deal with the same facts that are involved in this action or otherwise relate to the conditions of your imprisonment? YES_____ / NO __X__. If your answer is "YES," describe each lawsuit. (If there is more than one lawsuit, describe additional lawsuits on additional separate pages, using the same outline.)

    a. Parties to previous lawsuit:

    Plaintiff(s): __N/A__

    Defendant(s): __N/A__

    b. Name of court and case or docket number: __N/A__

### D. Injury

1. Defendants actions to discontinue effective and neccesarry medications of Plantiff caused Plantiff's blood sugar levels to run extremely out of range from April 4, 2007 until August 12, 2007. (see attatched sugar logs) EXHIBIT 5

Plantiff already has diabetic complications (kidney damage, visual impeirment) and unstable blood sugar levels contribute to and cause further complications.
(see attatched letters of Dr. Ryan Brady) Ex 6

Due to the Defendants failure to assist Plantiff in effective care of his diabetic condition, such blood glucose levels have most certainly done damage to Plantiff's vital organs and furthered Plantiff's risk of additional complications.

Defendants also neglected Plantiff in Plantiff's dietary needs upon Plantiff's arrival to prison. Plantiff arrived with an elevated potassium level which was not addressed with medication or diet until the end of July 2007. The untreated level of elevated potassium caused an Arrythmia to develop in Plantiff's heartbeat which was diagnosed by prison medical staff on July 17, 2007 and later confirmed by University of Utah medical staff on October 2, 2007.

c. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?) _N/A_

d. Issues raised: _N/A_

e. When did you file the lawsuit? _N/A_
   Date    Month    Year

f. When was it (will it be) decided? _N/A_

2. Have you previously sought informal or formal relief from the appropriate administrative officials regarding the acts complained of in Part C? YES _X_ / NO __. If your answer is "YES" briefly describe how relief was sought and the results. If your answer is "NO" explain why administrative relief was not sought.

   _I have completed all three levels of the prison's grievance process to no avail (see attatched) EXHIBIT 7_

## F. REQUEST FOR RELIEF

1. I believe that I am entitled to the following relief:

   _See attatched_

F. Request for Relief

1. The state insures each employee for one million dollars per individual per incident. I ask only one quarter of one million dollars per individual per count for the times my blood sugars were in a dangerous or potentially fatal range and for the physical injuries I have sustained.

I also ask for punitive damages, damages for mental suffering and anguish and monies for future medical needs that result from the lapse of care during my incarceration

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint, and that the information contained therein is true and correct. 28 U.S.C. §1746; 18 U.S.C §1621.

Executed at __Utah State Prison__ on __October 3__ 20__07__
     (Location)     (Date)

_[signature]_
Signature