FILED
U.S. DISTRICT COURT

2008 JUL -3 A 10: 10

DISTRICT OF UTAH

BY:_____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH CENTRAL DIVISION

---

KARL GRANT LOSEE,

        Plaintiff,

    v.

RICHARD GARDEN et al.,

        Defendants.

Case No. 2:07-CV-911 DB

**MEMORANDUM DECISION AND ORDER**

---

Plaintiff, Karl Grant Losee, an inmate at the Utah state Prison, filed this *pro se* civil rights suit under 42 U.S.C. § 1983. *See* 42 U.S.C.A. § 1983 (West 2007). Plaintiff was allowed to proceed *in forma pauperis* under 28 U.S.C. § 1915(b). *See* 28 *id.* 1915. This case is now before the Court for screening under 28 U.S.C. § 1915(e) and for consideration of Plaintiff's motions for preliminary injunctive relief and for an evidentiary hearing.

## ANALYSIS

### I. Screening

#### A. Standard of Review

Under 28 U.S.C. § 1915(e)(2)(B), a court shall dismiss any claims in a complaint filed *in forma pauperis* if they are frivolous, malicious or fail to state a claim upon which relief can be granted. "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the

plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999). For screening purposes, the Court "presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

Because Plaintiff is proceeding pro se the Court must construe his pleadings liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Id.* However, "[t]he broad reading of the plaintiff's complaint does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.* While Plaintiff need not describe every fact in specific detail, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Id.*

To state a viable claim "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." *Shero v. City of Grove*, No. 06-5222, 2007 WL 4376068, at *3 (10th Cir. Dec. 17, 2007) (quoting *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)). "'Factual allegations [in a complaint] must be enough to raise a right to relief above

the speculative level'. . . . That is, there must be 'enough facts to state a claim to relief that is plausible on its face.'" *Lynn v. Anderson-Varella*, No. 07-3046, 2007 WL 4230701, at *3 (10th Cir. Nov. 30, 2007) (quoting *Bell Atl. Corp.*, 127 S.Ct. at 1965, 1974). Additionally, "the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for [his] claims." *Ridge at Red Hawk, L.L. C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). The "requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them." *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008).

## B. Overview of the Complaint

Plaintiff's Complaint alleges six civil rights claims against Utah State Prison (USP) officials, including: (1) denial of adequate treatment for diabetes in violation of the Eighth Amendment; (2) denial of access to the courts in violation of the First Amendment; (3) cruel and unusual punishment and retaliation based on Plaintiff's transfer to the special needs unit of the prison; (4) cruel and unusual punishment based on improper preparation of insulin injections on two occasions; (5) cruel and unusual punishment based on failure to timely diagnose and treat

3

a potassium imbalance which led to development of a heart arrhythmia; and, (6) cruel and unusual punishment based on a sixteen day delay in providing medications following Plaintiff's transfer to the prison.

Plaintiff's Complaint names as defendants: Richard Garden, Director of Medical Services (UDC); Sidney Roberts, Medical Doctor, (USP); Kennon Tubbs, Medical Doctor (USP); Tom Patterson, Executive Director, Utah Department of Corrections (UDC); Nancy Howard, Nurse (USP); Jon Huntsman, Jr., Governor, State of Utah; Jack Ford, Dir. Public Affairs (USP); Gerald Dearing, P.A. (USP); Steven Turley, Warden (USP); Art Adcock, R.N. (USP); Billie Casper, Grievance Coordinator (USP); Tom Anderson, Grievance Coordinator (USP), FNU Jensen, Correctional Officer (USP); FNU Shebelske, Correctional Officer (USP); and, Carmen LNU, Med. Tech. (USP).  Plaintiff's Complaint seeks compensatory and punitive damages from each defendant.[1]

### C. Sufficiency of Plaintiff's Claims

#### i. Count One

Count One of the Complaint alleges that Plaintiff is being denied adequate treatment for his Type I diabetes.  Plaintiff makes two primary allegations supporting this claim:  First, that upon his arrival at the prison certain medications and treatments

---

[1] The Complaint does not state whether these defendants are named in their individual and/or official capacities.

Plaintiff received while at the Salt Lake County Jail were
discontinued; and, second, that Plaintiff went to the University
of Utah Medical Center (UUMC) for a consultation with a
specialist but prison medical staff have failed to implement the
specialist's recommendations.  Plaintiff also alleges elsewhere
in the Complaint that his glucometer was confiscated; that he is
no longer allowed to dose his insulin prior to meals, as
recommended by a specialist; and, that his meals are unevenly
spaced, making it difficult to control his blood sugar levels.

In *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285 (1976), the
Supreme Court held that "deliberate indifference to serious
medical needs of prisoners constitutes the 'unnecessary and
wanton infliction of pain,' proscribed by the Eighth Amendment."
*Estelle*, 429 U.S. at 104 (quoting *Greg v. Georgia*, 428 U.S. 153,
96 S. Ct. 2909 (1976)).  "Deliberate indifference involves both
an objective and a subjective component." *Sealock v. Colorado*,
218 F.3d 1205, 1209 (10th Cir. 2000).  The objective component is
met if the deprivation is "sufficiently serious." *Farmer v.
Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970 (1994).  A medical
need is sufficiently serious "if it is one that has been
diagnosed by a physician as mandating treatment or one that is so
obvious that even a lay person would easily recognize the
necessity for a doctor's attention." *Hunt v. Uphoff*, 199 F.3d

5

1220, 1224 (10th Cir. 1999).

The subjective component is met only if a prison official "knows of and disregards an excessive risk to inmate health or safety." _Farmer_, 511 U.S. at 837. Allegations of mere negligence in diagnosing or treating a medical condition, _Estelle_, 429 U.S. at 105, or "inadvertent failure to provide adequate medical care," _Riddle v. Mondragon_, 83 F.3d 1197, 1203 (10th Cir. 1996), are insufficient to state a claim under the Eighth Amendment.

Plaintiff's Type I diabetes is clearly a serious medical condition which has been diagnosed by a physician as requiring treatment; thus, the only question here is whether Plaintiff alleges sufficient facts to show deliberate indifference by Defendants. From the face of the Complaint Plaintiff's allegations appear to show only a difference of opinion regarding the proper treatment for Plaintiff's condition. The exhibits attached to the Complaint, however, do provide additional support for Plaintiff's assertion of deliberate indifference. Exhibit One shows that a specialist has made specific recommendations regarding Plaintiff's treatment which, according to Plaintiff, have not been implemented. (Compl. Ex. 1.) Moreover, the attached grievance records support Plaintiff's assertion that medical staff are aware of Plaintiff's requests but refuse to

accommodate them.   Thus, the Court concludes that Count One of
the Complaint, when viewed in light of the attached exhibits, is
sufficient to survive screening.

### ii. Count Two

Count Two alleges that Defendants Adcock, Casper and
Anderson violated Plaintiff's First Amendment rights by
improperly handling Plaintiff's prison grievances.  Plaintiff's
only allegation supporting this claim is that Defendants
"misrepresented issues and facts and have made assertions that
are fraudulent or patently false" with the intention of
"impeding, interfering with and impairing [Plaintiff's] access to
the courts."  (Compl. at 9.)

To state a viable legal access claim Plaintiff must allege
facts showing that he was significantly hindered from pursuing a
non-frivolous "habeas corpus or civil rights action[] regarding
[his] current confinement." Carper v. Deland, 54 F.3d 613, 616
(10th Cir. 1995).  Plaintiff's vague and conclusory allegations
do not satisfy this requirement.  Plaintiff does not state what
misrepresentations he is referring to, nor does he explain how
the alleged misrepresentations impeded his access to the courts.
In addition, Plaintiff has not shown that he was significantly
hindered from pursuing non-frivolous claims regarding his current
confinement.  Thus, the Court concludes that Count Two of

7

Plaintiff's Complaint fails to state a claim on which relief can be granted.

### iii. Count Three

Count Three of the Complaint asserts that Defendants Shebelske, Patterson, Garden, Roberts, Tubbs and Howard "have each either threatened, retaliated against, or punished Plaintiff for attempting to get the effective medical treatment he needs for his serious medical condition." (Compl. at 10.) As retaliation, Plaintiff alleges that he was transferred to the special needs unit of the prison which houses mentally ill inmates and that his glucometer was taken away. Plaintiff also alleges that his meals are no longer equally spaced throughout the day, creating a greater risk of hypoglycemia or hyperglycemia.[2]

Plaintiff's allegations regarding his changed housing assignment are not sufficient to state a constitutional claim. It is well established that prisoners have no right under the Federal Constitution to any specific classification or housing

---

[2] Although Plaintiff's allegation regarding timing of meals may lend support to his medical care claim, it is not clear how this is relevant to his retaliation claim. Plaintiff does not specifically allege that Defendants intentionally interfered with the timing of his meals as retaliation, instead, it appears that Plaintiff's meal times may have changed based simply on his new housing assignment.

assignment.  *See* <u>*Hewitt v. Helms*, 459 U.S. 460, 468, 103 S. Ct.</u>
<u>864, 869 (1983)</u>; <u>*Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir.</u>
<u>1994)</u>; <u>*Levoy v. Mills*, 788 F.2d 1437, 1440 (10th Cir. 1986)</u>.
Moreover, Plaintiff has not alleged sufficient facts to show that
his housing change, or the attendant confiscation of his
glucometer, amounted to retaliation for requesting medical care.
In fact, from the exhibits attached to the Complaint it appears
that the housing transfer was intended to allow better monitoring
and treatment of Plaintiff's condition by housing him with other
inmates requiring frequent care.  Thus, the Court concludes that
Count Three of the Complaint fails to state a claim on which
relief can be granted.

### iv. Count Four

Count Four alleges that on two separate occasions a medical
technician identified as "Carmen," last name unknown, incorrectly
prepared syringes of insulin for Plaintiff.  Plaintiff alleges
that the syringes did not contain the correct amount of insulin
and contained excessive air which could have injured or killed
Plaintiff if injected.  Plaintiff states that on both occasions
he recognized and corrected the errors himself.  The Complaint
describes these incidents as "aggravated premeditated attempted
murder."  (Compl. at 13.)

Plaintiff's allegations regarding the incorrectly prepared

9

syringes, while possibly supporting a claim for medical malpractice, do not support a finding of deliberate indifference. The Supreme Court has held that deliberate indifference lies "somewhere between the poles of negligence at one end and purpose or knowledge at the other." *Farmer,* 511 U.S. at 836, 114 S.Ct. 1970. Thus, although a Plaintiff is not required to show an "express intent to harm", *Mitchell v. Maynard,* 80 F.3d 1433, 1442 (10th Cir. 1996), he must allege facts which could support a finding that the offending action or inaction was more than merely negligent. *Estelle,* 429 U.S. at 105. Plaintiff has not alleged such facts here.

Despite Plaintiff's conclusory assertion that Carmen's actions amounted to "aggravated premeditated attempted murder," Plaintiff has not alleged any facts showing that the incorrect preparation of the syringes was anything more than a simple mistake or oversight. Moreover, because Plaintiff states that he recognized and corrected the mistakes himself he cannot show that he suffered any actual injury from Carmen's alleged errors. Thus, the Court finds that Count Four of the Complaint fails to state a claim on which relief can be granted.

### v. Count Five

Count Five alleges that Defendants Garden, Roberts and Tubbs caused Plaintiff to develop a heart arrhythmia by failing to

promptly address a potassium imbalance in Plaintiff's blood.
Plaintiff states that prior to his transfer to the prison on
April 4, 2007, medical staff at the Salt Lake County Jail
diagnosed Plaintiff as having a potassium imbalance and
documented that condition in Plaintiff's medical records.
Plaintiff states that upon his arrival at the prison Garden,
Roberts and Tubbs failed to promptly address this condition with
proper medication and diet, causing Plaintiff to develop a heart
arrhythmia.  The arrhythmia was first diagnosed on July 17, 2007,
and the diagnosis was later confirmed by doctors at UUMC.

The Court finds Plaintiff's allegations regarding his heart
arrhythmia sufficient to state an Eighth Amendment claim.  Thus,
the Court will order official service of process upon Garden,
Roberts and Tubbs.

### vi. Count Six

Count Six of the Complaint alleges that Plaintiff was
deprived of needed medications for sixteen days following his
transfer to the prison.  Plaintiff states that upon his arrival
at the prison he informed intake personnel about the blood
pressure, cholesterol, kidney and thyroid medications he was
taking.  These medications were also documented in Plaintiff's
medical records.  Plaintiff states that Garden, Roberts and Tubbs
failed to promptly act on this information, causing Plaintiff to

11

be deprived of his medication for sixteen days.

A delay in providing medical care "only constitutes an Eighth Amendment violation where the plaintiff can show the delay resulted in substantial harm." Oxendine v. Kaplan, 241 F.3d 1272, 1276 (10th Cir. 2001). The substantial harm requirement "may be satisfied by lifelong handicap, permanent loss, or considerable pain." Garrett v. Stratman, 254 F.3d 946, 950 (10th Cir.2001)

Here, Plaintiff has not alleged that the sixteen day delay in receiving certain medications following his transfer from the jail caused him lifelong handicap, permanent loss or considerable pain. In addition, it is highly unlikely that Plaintiff can show that the lack of these medications for sixteen days caused substantial harm because the medications were allegedly for chronic conditions rather than an acute illness or pain management. Thus, the Court concludes that Count Six of the Complaint fails to state claim on which relief can be granted.

### D. Conclusion

After reviewing each of the claims in the Complaint the Court concludes that Counts One and Five are sufficient to state a claim of cruel and unusual punishment under the Eighth Amendment. Plaintiff's remaining claims, however, are insufficient to state a claim and must be dismissed under 28

U.S.C. § 1915(e)(2)(B).  Accordingly, the Court will direct the
United States Marshals Service to complete service of process
upon Defendants Garden, Roberts and Tubbs.[3]  Defendants will be
required to answer only Count One and Count Five of the
Complaint.

## II. Preliminary Injunction

Plaintiff has filed a motion for a preliminary injunction
requiring Defendants to provide him adequate medical care.
Specifically, Plaintiff asks the Court to "enjoin prison medical
staff from providing medical care which violate[s] [Plaintiff's]
rights to life, and his liberty interests in health and well
being and [to] order effective, necessary, timely medical
treatments and proper specialized diet."  (Mot. and Mem. for Inj.
Relief at 7.)

A preliminary injunction is an extraordinary and drastic
remedy which should not be granted unless the right to relief is
clear and unequivocal.  _SCFC ILC, Inc. v. VISA USA, Inc._, 936
_F.2d 1096, 1098 (10th Cir. 1991)_.  To obtain a preliminary
injunction a moving party must establish that:

(1) the party will suffer irreparable injury unless the

---

[3]  Although Garden, Roberts and Tubbs are not specifically
named in Count One they are generally identified elsewhere as
being responsible for the alleged lapses in Plaintiff's medical
care.

13

injunction issues; (2) the threatened injury to the
moving party outweighs whatever damage the proposed
injunction may cause the opposing party; (3) the
injunction, if issued, would not be adverse to the public
interest; and (4) there is a substantial likelihood that
the moving party will eventually prevail on the merits.

*Resolution Trust Corp. v. Cruce,* 972 F.2d 1195, 1198 (10th Cir.

1992).

Although the Court has concluded that two of Plaintiff's

claims are sufficient to survive screening, Plaintiff has not

satisfied the heightened pleading standard required to obtain a

preliminary injunction.  As an initial matter, Plaintiff has not

shown that he is likely to suffer irreparable injury unless the

requested injunction issues.  Plaintiff does not identify any

specific treatment which is clearly necessary to prevent

immediate injury but is being denied to him.  Moreover, the

generic injunction Plaintiff seeks would be essentially

meaningless.  Merely enjoining Defendants from providing

constitutionally deficient care would serve no purpose because

Defendants are already under such an obligation and it is not

obvious that the care being provided is inadequate.  Finally,

Plaintiff has not shown a substantial likelihood that he will

eventually prevail on the merits of his claims.  Thus,

Plaintiff's motion for a preliminary injunction is denied.

14

### III. Evidentiary Hearing

Plaintiff has filed a request for an evidentiary hearing stating that such a hearing is necessary to "assert his right to a fair and speedy trial, to examine the facts set forth [in his Complaint] and to examine and determine the damages [he] incurred . . . and to ascertain the extent to which [his] Constitutional rights were and have been violated."  (Req. Evid. Hr'g at 1-2.)

Plaintiff's motion not only misapprehends the purpose of an evidentiary hearing, but, it is also premature at this time. Before conducting any such hearings a copy of the Complaint must be served upon Defendants.  Once the Marshals Service has completed service of process and an answer has been filed, the Court will then examine whether, and to what extent, discovery may be necessary to resolve Plaintiff's claims.  Plaintiff need not file any additional motions or pleadings to move this case forward to that stage.  The Court will provide Plaintiff with further instructions as needed.  Thus, Plaintiff's request for an evidentiary hearing is denied.

15

**ORDER**

Accordingly, **IT IS HEREBY ORDERED** that:

(1) Counts Two, Three, Four and Six of the Complaint are **dismissed** for failure to state a claim on which relief can be granted;

(2) the United States Marshals Service shall serve a summons, copy of this order and copy of Plaintiff's Complaint, upon Defendants Gardner, Roberts and Tubbs;

(4) Plaintiff's motion for a preliminary injunction is **denied**; and,

(5) Plaintiff's request for an evidentiary hearing is **denied**.

DATED this 30th day of June, 2008.

BY THE COURT:

Dee Benson
United States District Judge

16