**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION**

| | |
|---|---|
| KARL GRANT LOSEE,<br><br>   Plaintiff,<br><br>  v.<br><br>RICHARD GARDEN et al.,<br><br>   Defendants. | **ORDER DENYING COUNSEL AND DISCOVERY, DIRECTING *MARTINEZ* REPORT AND DISPOSITIVE MOTION**<br><br>Case No. 2:07-CV-911 DB<br><br>District Judge Dee Benson<br><br>Magistrate Judge Brooke Wells |

Plaintiff, Karl Grant Losee, an inmate at the Utah state Prison, filed this *pro se* civil rights suit under 42 U.S.C. § 1983.  *See* 42 U.S.C.A. § 1983 (West 2009).  Plaintiff was allowed to proceed *in forma pauperis* under 28 U.S.C. § 1915(b).  *See* 28 *id.* 1915.  This case is now before the Court on Plaintiff's motions for appointed counsel and discovery.

**I. Background**

Plaintiff's Complaint originally included six civil rights claims against numerous officials at the Utah State Prison (USP). On screening under 42 U.S.C. § 1983 the Court dismissed four claims and multiple defendants and directed service of process on the remaining claims upon Defendants Garden, Roberts and Tubbs. Before Defendants answered Plaintiff filed his present motion for discovery.  Defendants filed their Answer on September 4, 2008, asserting various affirmative defenses including qualified

immunity.  Plaintiff subsequently filed a response to Defendants'
Answer and renewed his motion for appointed counsel.

## II. Motion for Appointed Counsel

Plaintiff's motion for appointed counsel was filed prior to
Defendants' Answer and does not include a supporting memorandum
stating specific reasons why counsel is necessary at this time.
Plaintiff's motion generally asserts, however, that counsel is
necessary "due to [Plaintiff's] unfamiliarity with the law, and,
[because] defendants have professional legal counsel."

It is well established that Plaintiffs in civil cases do
not have a constitutional right to counsel.  *See Carper v.
Deland*, 54 F.3d 613, 616 (10th Cir. 1995); *Bee v. Utah State
Prison*, 823 F.2d 397, 399 (10th Cir. 1987).  However, the court
may, in its discretion, appoint counsel for indigent inmates
under 28 U.S.C. § 1915(e)(1).  *See* 28 U.S.C.A. § 1915(e)(1) (West
2005); *Carper*, 54 F.3d at 617; *Williams v. Meese*, 926 F.2d 994,
996 (10th Cir. 1991).  When deciding whether to appoint counsel
the court considers a variety of factors "including 'the merits
of the litigant's claims, the nature of the factual issues raised
in the claims, the litigant's ability to present his claims, and
the complexity of the legal issues raised by the claims.'" *Rucks
v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting
*Williams*, 926 F.2d at 996); *accord McCarthy*, 753 F.2d at 838-39.

"The burden is upon the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

The Court finds that appointment of counsel would be premature at this time. Plaintiff has demonstrated the ability to adequately plead his claims and his Complaint has already been served upon Defendants. At this stage of the litigation there are no complex legal or factual issues to be addressed and it is too early to make a conclusion regarding the possible merit of Plaintiff's claims. Once Defendants have filed their *Martinez* Report and dispositive motion the Court will be in a better position to evaluate the complexity of the issues remaining and the need for appointed counsel going forward. Thus, Plaintiff's motion for appointed counsel is denied at this time. However, as this case progresses, if it appears that appointed counsel is warranted the court will revisit the issue *sua sponte*.

### III. Motion for Discovery-*Martinez* Report

Plaintiff's discovery motion, which was filed before the dismissal of Plaintiff's insufficient claims and prior to Defendants' Answer, requests extensive personnel and medical records maintained by Defendants. Based on its review of the pleadings, and in light of Plaintiff's pro se prisoner status,

the Court finds that Plaintiff's motion is premature and would be
unduly burdensome at this stage of the litigation.  In lieu of
proceeding directly to discovery the Court finds that a *Martinez*
Report and motion for summary judgment would best narrow the
issues in this case and prevent unnecessary discovery delays.
*See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978) (approving
district court's practice of ordering the prison administration
to prepare a report to be included in the pleadings in cases
where a prisoner has filed suit alleging a constitutional
violation against institution officials).[1]  Thus, Plaintiff's
motion for discovery is denied and Defendants are directed to
prepare a *Martinez* Report addressing Plaintiff's claims.

    In preparing the report, authorization is granted to depose

---

    [1]  In *Gee v. Estes*, 829 F.2d 1005 (10th Cir. 1987), the
Tenth Circuit explained the nature and function of a *Martinez*
report, saying:

        Under the *Martinez* procedure, the district
        judge or a United States magistrate [judge]
        to whom the matter has been referred will
        direct prison officials to respond in writing
        to the various allegations, supporting their
        response by affidavits and copies of internal
        disciplinary rules and reports.  The purpose
        of the *Martinez* report is to ascertain
        whether there is a factual as well as a legal
        basis for the prisoner's claims.  This, of
        course, will allow the court to dig beneath
        the conclusory allegations.  These reports
        have proved useful to determine whether the
        case is so devoid of merit as to warrant
        dismissal without trial.

*Id.* at 1007.

Plaintiff and interview all witnesses, including the defendants
and other officers at the prison.  The report shall contain the
sworn statements of all persons having relevant knowledge of the
subject matter of the complaint.  Where Plaintiff's claims or
Defendants' defenses relate to or involve the application of
administrative rules, regulations, or guidelines, copies of those
documents shall also be included with the report.

Defendants shall also file a motion for summary judgment if
such a motion can be supported by the evidence presented in the
*Martinez* Report.[2]  The motion for summary judgment shall be filed
separately and shall be accompanied by a supporting memorandum.
Once the summary judgment motion is filed, if Plaintiff believes
that additional discovery is necessary to respond, he may file a
discovery motion within twenty days.  Plaintiff's discovery
motion shall specifically identify the information sought and
shall clearly explain how the information is relevant to the
issues at bar.  Within ten days Defendants may object to any
discovery request that is not specifically tailored to meet
Defendants' summary judgment motion or otherwise fails to comply
with the Federal Rules of Civil Procedure.  Plaintiff is warned

---

[2] It is anticipated that a summary judgment motion will
narrow the issues to be decided, reduce the need for extensive
discovery, and help the Court determine whether appointed counsel
might be appropriate.

that abuse of discovery may result in the Court issuing a summary judgment decision without allowing Plaintiff further opportunity to respond.

If a timely discovery motion is not filed, Plaintiff shall have thirty days to respond to Defendants' summary judgment motion.  Plaintiff is hereby notified that in responding to a summary judgment motion he cannot rest upon the mere allegations in his pleadings.  Instead, as required under Federal Rule of Civil Procedure 56(e), Plaintiff must come forth with specific facts, admissible in evidence, showing that there is a genuine issue remaining for trial.

**ORDER**

Accordingly, **IT IS HEREBY ORDERED** that:

(1) Plaintiff's motion for appointed counsel is **DENIED** at this time;

(2) Plaintiff's Motion for Discovery is **DENIED**;

(3) Defendants shall file a *Martinez* **Report** addressing Plaintiff's claims within **forty-five days** of this Order;

(4) Defendants shall also file a **motion for summary judgment** within **sixty days** if warranted based on the evidence presented in the *Martinez* Report;

(5) Plaintiff may file a motion for discovery in accordance with this Order within twenty days of receiving Defendants' summary judgment motion and Defendants may object to any discovery request within ten days; and,

(6) if a timely motion for discovery is not filed Plaintiff shall respond to Defendants' summary judgment motion within thirty days.

DATED this 23rd day of February, 2009.

BY THE COURT:

_____
Brooke C. Wells
United States Magistrate Judge

7